No. 22-35314

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CENTER FOR BIOLOGICAL DIVERSITY,
*Plaintiff-Appellee,*

v.

UNITED STATES FISH AND WILDLIFE SERVICE, et al.,
*Defendants-Appellees,*

and

SAFARI CLUB INTERNATIONAL, the NATIONAL RIFLE ASSOCIATION OF AMERICA, SPORTSMEN'S ALLIANCE FOUNDATION, and the ROCKY MOUNTAIN ELK FOUNDATION,
*Proposed Defendant-Intervenors-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
No. 9:21-cv-00144-DWM
Honorable Donald Molloy

## ANSWERING BRIEF OF PLAINTIFF-APPELLEE
## CENTER FOR BIOLOGICAL DIVERSITY

Kristine M. Akland
Center for Biological Diversity
P.O. Box 7274
Missoula, MT 59807
Phone: (406) 544-9863
kakland@biologicaldiversity.org

Collette L. Adkins
Center for Biological Diversity
P.O. Box 595
Circle Pines, MN 55014-0595
Phone: (651) 955-3821
cadkins@biologicaldiversity.org

Camila Cossío
Center for Biological Diversity
P.O. Box 11375
Portland, OR 97211
Phone: (971)717-6727
ccossio@biologicaldiversity.org

*Attorneys for Plaintiff-Appellee
Center for Biological Diversity*

# CORPORATE DISCLOSURE STATEMENT

Under Federal Rule of Appellate Procedure 26.1(a), Appellee the Center for Biological Diversity ("Appellee the Center") submits the following Corporate Disclosure Statement.

The Center is a non-profit membership association, incorporated in the State of California under Section 501(c)(4) of the Internal Revenue Code. The Center is not publicly traded and has no parent corporation. There is no publicly held corporation that owns 10 percent or more of its stock.

*/s/Kristine M. Akland*
Kristine M. Akland

*Attorney for Plaintiff-Appellee*

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ....................................................... ii

TABLE OF AUTHORITIES ................................................................................ iv

STATEMENT OF JURISDICTION ..................................................................... 1

STATEMENT OF ISSUE ..................................................................................... 1

STATEMENT OF THE CASE .............................................................................. 1

SUMMARY OF ARGUMENT .............................................................................. 2

STANDARD OF REVIEW ................................................................................... 2

ARGUMENT .......................................................................................................... 3

   I.   THE DISPOSITION OF THIS CASE DOES NOT IMPEDE OR IMPAIR PROPOSED-INTERVENORS' ABILITY TO PROTECT ITS INTERESTS. ............................................................................................. 3

   II.  AT MINIMUM, THE COURT SHOULD STAY CONSIDERATION OF THIS APPEAL PENDING THE OUTCOME OF THE RULEMAKING. .................................................................................... 8

CONCLUSION ....................................................................................................... 9

STATEMENT OF RELATED CASES ............................................................... 11

CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(A) ..................................................................... 12

CERTIFICATE OF SERVICE ............................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Blake v. Pallan*,
 554 F.2d 947 (9th Cir. 1977) .................................................................. 4

*California v. Azar*,
 911 F.3d 558 (9th Cir. 2018) .................................................................. 7

*Forest Conservation Council v. United States Forest Serv.*,
 66 F.3d 1489 (9th Cir. 1995) .................................................................. 4

*Landis v. N. Am. Co.*,
 299 U.S. 248 (1936) .............................................................................. 8

*Leyva v. Certified Grocers of Cal., Ltd.*,
 593 F.2d 857 (9th Cir. 1979) .................................................................. 8

*State ex rel. Lockyer v. United States*,
 450 F.3d 436 (9th Cir. 2006) .................................................................. 4

*SurvJustice Inc. v. Devos*,
 No.18-cv-00535-JSC, 2019 U.S. Dist. LEXIS 54613
 (N.D. Cal. Mar. 29, 2019) ..................................................................... 5

*Sw. Ctr. for Biological Diversity v. Berg*,
 268 F.3d 810 (9th Cir. 2001) ............................................................. 4, 7

*United States v. Alisal Water Corp.*,
 370 F.3d 915 (9th Cir. 2004) ............................................................. 4, 7

*United States v. City of L.A.*,
 288 F.3d 391 (9th Cir. 2002) .................................................................. 4

**Statutes**

5 U.S.C. § 553(b) ......................................................................................... 7
5 U.S.C. § 553(c) ......................................................................................... 7

**Other Authorities**

2022–2023 Station-Specific Hunting and Sport Fishing Regulations,
 87 Fed. Reg. 35,136 (June 9, 2022) ...................................................... 1
Fed. R. Civ. P. 24(a) ............................................................................... 2, 3
Fed. R. Civ. P. 24(a)(2) ............................................................................... 6

## STATEMENT OF JURISDICTION

Appellee the Center is satisfied with Appellants' Jurisdictional Statement.

## STATEMENT OF ISSUE

Whether Appellants satisfy the criteria for intervention as of right where the U.S. Fish and Wildlife Service ("Service") is conducting a rulemaking that may moot this case in whole or in large part and Appellants can participate in that rulemaking and any subsequent site-specific decisions made by the Service regarding hunting on federal wildlife refuges.

## STATEMENT OF THE CASE

Insofar as Appellants lay out the proceedings below, Appellee the Center is satisfied with Appellants' Statement of the Case. With respect to the current posture of the case and an ongoing rulemaking being conducted by the Service—which is critical to an assessment of Appellants' request for intervention—the Center adds the following.

While the litigation below has been stayed, rulemaking proceedings have continued that have a potentially dispositive bearing on whether the litigation will move forward at all. On June 9, 2022, the Service published a proposed rule for public comment addressing various hunting-related issues on federal wildlife refuges, including the extent to which the use of lead ammunition and tackle may be used—which is at issue in this litigation. *See* 87 Fed. Reg. 35,136 (June 9,

1

2022). The government has recently advised the district court that it "anticipates submitting the final rule to the Office of the Federal Register by the end of September 2022," i.e., in just a matter of months. *See* District Ct. Dkt. No. 20 at 3.

## SUMMARY OF ARGUMENT

Appellants Proposed-Intervenors are unable to show that they meet the requirements for intervention as of right. Therefore, this Court should affirm the district court's ruling or stay this case.

Given the current procedural posture—the district court litigation is stayed and the Service is about to complete a rulemaking that may moot all or most of the Center's claims in this case—Proposed-Intervenors cannot demonstrate that their "ability to protect [their asserted] interest may be impaired or impeded by the disposition of the action" and therefore cannot intervene in this case as of right. Fed. R. Civ. P. 24(a).

Accordingly, this Court should affirm the district court's ruling on that basis or, as a matter of judicial economy and efficiency, the Court should stay this appeal until after the parties have an opportunity to see how the Service's rulemaking impacts the proceedings in this case.

## STANDARD OF REVIEW

Appellee the Center is satisfied with Appellants' statement of the applicable standard of review.

# ARGUMENT

I. **THE DISPOSITION OF THIS CASE DOES NOT IMPEDE OR IMPAIR PROPOSED-INTERVENORS' ABILITY TO PROTECT ITS INTERESTS.**

Appellants argue their interests will be impaired or impeded if the Service's 2020 Hunting & Fishing Rule is vacated. Appellants Br. 31. Proposed-Intervenors further contend that they will not be able to protect their interest without intervention. *Id.* This argument does not satisfy the requirements for intervention as a matter of right because the Service is presently conducting a rulemaking that addresses the issues that are the focus of this litigation; Appellants have a full opportunity to participate in that rulemaking and any subsequent agency decision that has bearing on the wildlife refuges of concern to Appellants. Accordingly, Proposed-Intervenors cannot demonstrate that their hunting-related interests are threatened by *this* litigation, particularly because they have other avenues to protect their interests besides intervention.

Under the Federal Rules of Civil Procedure, a party moving for intervention as a matter of right must show that it has:

"(1) An unconditional right to intervene by a federal statute; or

"(2) Claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as *a practical matter impair or impede the movant's ability to protect its interest*, unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(a). (Emphasis added).

For intervention, the relief sought by the Plaintiff must have a "direct, immediate, and harmful effects upon a third party's legally protectable interests." *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (citing to *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995).

Additionally, it is well established in this Circuit that when a party has other means to protect its interest, Rule 24(b)(2) is not satisfied. *See, e.g., United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (holding that proposed intervenors were not impaired or impeded because the court has established other means by which it may protect its interests); *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977) (finding that the necessity to litigate separately is not an "impairment" to proposed intervenor but merely an "inconvenience" and not the sort of adverse practical effect contemplated by intervention); *State ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) (citing to *Alisal*, 370 F.4d at 921) (stating that proposed intervenors interests might not be impaired if they have "other means" to protect their interests); *United States v. City of L.A.*, 288 F.3d 391, 402 (9th Cir. 2002) (denying intervention on other grounds but commenting that it was "doubtful" that proposed intervenors could show practical impairment because the lawsuit did not "prevent any individual from initiating [another] suit"); *see also SurvJustice Inc. v. Devos*, No.18-cv-00535-JSC, 2019 U.S. Dist. LEXIS

54613, at *19 (N.D. Cal. Mar. 29, 2019) (explaining that where "other means" exist to protect the intervenors' interests, such as an alternative forum, the intervenors' interests may not be impaired.").

Here, Proposed-Intervenors cannot show that the relief sought by Appellee the Center in its complaint will have a "direct, immediate, and harmful" effect on their asserted interests because a final rule, expected to be issued by the Service by the end of September, 2022, may moot all or the vast majority of the Center's claims at issue in this case, and Proposed-Intervenors have an alternate forum to protect their interests by initiating a challenge to that forthcoming rule.

Appellee the Center brought a case in the district court challenging the 2020 Hunting & Fishing Rule ("2020 Rule"). But irrespective of whether court-ordered vacatur of *that* rule might affect Appellants' interests, events that have occurred since the complaint was filed have significantly altered the legal and practical context. As noted, the Service is set to publish the 2022-2023 Hunting and Fishing Rule ("2022 Final Rule") at or near the end of September 2022. This rule is expected to address the majority, if not all, of the issues Appellee the Center raised in its Complaint. The upcoming 2022 Final Rule was drafted in parallel with, but separately from, the Center's lawsuit. Following the filing of the Center's lawsuit, Appellee U.S. Fish and Wildlife Service notified Appellee the Center of the forthcoming proposed and final rule. Once finalized, this rule will supplant the

5

2020 Rule. Thus, Appellees agreed to stay litigation to wait for the publication of the 2022 Final Rule and forgo any further settlement discussions with the expectation that the rule may render all or most of the underlying controversy moot.

Appellant Proposed-Intervenors claim that their interests may not be adequately represented in a settlement between Appellees, and that their interests are impaired because the 2020 Hunting & Fishing Rule at issue in the complaint may be vacated. Appellants Br. 32. These arguments fall short for multiple reasons.

First, regardless of any settlement reached between the Center and the Service, the 2022 Final Rule will supersede the 2020 Rule and thus likely dispose of the "subject of the action" that Appellant Proposed-Intervenors could otherwise assert an interest in. Fed. R. Civ. P. 24(a)(2). Second, Appellants do not, in any event, have a legal right to participate in any settlement discussions between the existing parties—discussions that, in any case, are contingent on the separate rulemaking that the Service elected to pursue. Third, it is rank (and erroneous) speculation by Appellees that any settlement would entail vacatur of the 2020 Rule. Finally, any settlement reached between the Center and the Service could not, in any event, commit the Service to reach a particular result in the 2022 Final Rule without notice and comment rulemaking. 5 U.S.C. § 553(b), (c).

If Proposed-Intervenors have any issues or disagreements with the 2022 Final Rule, again expected as soon as the end of next month, they will have the opportunity to engage in notice and comment and perhaps ultimately challenge that rule, and thus adequately protect their interests in that manner. *See* 5 U.S.C. § 553(b), (c) (an agency must issue a general notice of proposed rulemaking and "give interested persons an opportunity to participate in the rule making through submission of written data, views or arguments"); *see also California v. Azar*, 911 F.3d 558, 566 (9th Cir. 2018).

In short, given the current legal and practical context, Proposed-Intervenors' interests are not at serious risk of being impaired or impeded by the disposition of *this* action and the Center's lawsuit will not have a "direct, immediate, and harmful [effect]" on their interests because the 2022 Final Rule will soon supersede the 2020 Rule. *Berg*, 268 F.3d at 818. Proposed-Intervenors may provide notice and comment and ultimately challenge the 2022 Final Rule and thus have an alternative avenue to protect their interest. *Alisal*, 370 F.3d at 921. Therefore, Appellant Proposed-Intervenors do not satisfy the requirements for intervention as of right.

## II. AT MINIMUM, THE COURT SHOULD STAY CONSIDERATION OF THIS APPEAL PENDING THE OUTCOME OF THE RULEMAKING.

Given the posture of the case, the district court's denial of intervention should be affirmed. At minimum, however, the Court should stay this appeal until the parties and the Court can assess what effect the Final Rule will have on this litigation, and particularly whether there will be anything left to litigate after the rule is issued.

The Supreme Court has held that the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Moreover, this Court has explained that a stay is appropriate when, as here, it would be "efficient for a [court's] docket and the fairest course for the parties" to stay litigation "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). This principle "applies whether the separate proceedings are judicial, *administrative*, or arbitral in character, and does not require that the issues in such proceedings are *necessarily* controlling of the action before the court." *Id*. (emphasis added).

These considerations support at least staying review of Appellants' intervention arguments until the Final Rule is issued by the Service. At that time,

the parties and the Court will have a definitive answer as to whether that rule has mooted the underlying controversy in whole or in part and, if so, whether Proposed-Intervenors' interests are threatened at all by the pending litigation. Such a course of action clearly serves the interest of judicial economy and efficiency. On the other hand, Proposed-Intervenors cannot seriously maintain that their asserted interests are prejudiced by awaiting issuance of a rule that the Service has said will be published within a matter of months.

## **CONCLUSION**

This Court should affirm the district court ruling on the basis that Appellants Proposed-Intervenors do not satisfy the requirements for intervention given that an ongoing rulemaking may obviate the need for any further proceedings in this case and that, in view of that rulemaking, Appellants have an alternate forum to protect their interests. Alternatively, as a matter of judicial economy and efficiency, this Court should stay the appeal until after the parties and the Court have had a chance to ascertain how the U.S. Fish and Wildlife Service's rulemaking impacts the proceedings in this case.

Date: August 22, 2022

                  Respectfully Submitted,

                  */s/Kristine M. Akland*
                  Kristine M. Akland
                  Center for Biological Diversity
                  P.O. Box 7274

Missoula, MT 59807
Phone: (406) 544-9863
kakland@biologicaldiversity.org

Camila Cossío
Center for Biological Diversity
P.O. Box 11375
Portland, OR 97211
Phone: (971) 717-6727
ccossio@biologicaldiversity.org

Collette L. Adkins
Center for Biological Diversity
P.O. Box 595
Circle Pines, MN 55014-0595
Phone: (651) 955-3821
cadkins@biologicaldiversity.org

*Attorneys for Plaintiff-Appellee*

## STATEMENT OF RELATED CASES

Undersigned counsel is not aware of any pending related cases within the meaning of Ninth Circuit Rule 28-2.6.

*/s/Kristine M. Akland*
Kristine M. Akland

*Attorney for Plaintiff-Appellee*

# CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(A)

I hereby certify that this brief complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

I further certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Ninth Circuit Rule 32-1(a) because it contains 1,990 words, excluding the parts of the brief exempted under Fed. R. App. P. 32(f), according to the count of Microsoft Word.

*/s/Kristine M. Akland*
Kristine M. Akland

*Attorney for Plaintiff-Appellee*

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2022, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. All parties to this case are represented by registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

<u>*/s/Kristine M. Akland*</u>
Kristine M. Akland

*Attorney for Plaintiff-Appellee*